UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOUNTAIN VIEW SYSTEMS, LTD., <u>et al.</u>, )<br>)<br>Defendants. )<br>) | Case No. 03-CV-00021-RMC |

**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff Federal Trade Commission ("FTC") hereby moves for leave to file its Second Amended Complaint for Injunction and Other Equitable Relief ("Second Amended Complaint"). Pursuant to Local Rule 15.1, the original of the Second Amended Complaint is attached hereto.

The FTC filed its Complaint for Injunction and Other Equitable Relief on January 7, 2003. Copies of the Complaint and Summonses addressed to the "One or More Unknown Parties Doing Business as Institute for International Licensing, Aladdin Financial Management, University Systems, and Wheelie International Limited" were served on the defendants' London address, via personal service, <u>see</u> Return of Service Affidavit (docket number 17), and on Jason Abraham and Caroline Shallon, pursuant to N.Y. C.P.L.R. § 308(4). <u>See</u> Service Affidavit on Jason Abraham (docket number 18); Service Affidavit on Caroline Shallon (docket number 19). The FTC filed its First Amended Complaint for Injunction and Other Equitable Relief ("First Amended Complaint") on February 21, 2003. The First Amended Complaint was served on

defendant Aladdin Travel, Inc. along with a request to waive service of summons. That waiver was executed by Aladdin Travel and filed on March 11, 2003. See Waiver of Service (docket number 16). On February 24, 2003, the First Amended Complaint and requests for waiver of service of summons were served on counsel for defendants Jason Abraham and Caroline Shallon. The FTC is in the process of serving the First Amended Complaint and summonses on the remaining defendants.

The FTC now seeks leave to file its Second Amended Complaint. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see Foman v. Davis, 371 U.S. 178, 182 (1962); Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1083 (D.C. Cir. 1998). The grant of leave to amend is within the district court's discretion. Firestone v. Firestone, 76 F. 3d 1205, 1208 (D.C. Cir. 1996). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. Id.; Caribbean Broadcasting System, 148 F.3d at 1083.

As stated above, no answer has been filed to either the Complaint or First Amended Complaint. Formal discovery has not yet begun. In fact, the FTC is still in the process of serving summonses on the various defendants. Thus, granting the FTC leave to file its Second Amended Complaint will not result in undue delay in this action nor will it cause undue prejudice to any

Defendant.[1] Further, the FTC had not yet fully developed its basis for the Second Amended Complaint at the time that it filed its First Amended Complaint. Thus, the instant motion is not the result of bad faith or dilatory motive.

With respect to futility of amendment, the D.C. Circuit has held that denying a motion to amend a complaint as futile is appropriate only when the proposed complaint would not survive a motion to dismiss. See James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (internal citations omitted). In deciding such motions, "the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiffs' favor." Shenandoah Associates L.P. v. Tirana, 182 F. Supp. 2d 14, 18 (D.D.C. 2001). Leave to amend should be denied "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. (citing Hishon v. Spaulding, 467 U.S. 69, 73 (1984)).

Here, the Second Amended Complaint adds an additional count against Defendants. The Second Amended Complaint alleges that, in additional to selling bogus international drivers licenses, Defendants market phony academic degrees and accompanying verification materials, such as university transcripts, letters of recommendation, university websites, and university contact information. There is no legitimate use for these materials. Instead, the Second Amended Complaint alleges that purchasers use these materials to facilitate deceptive activity, specifically, to misrepresent to consumers that the diplomas constitute academic degrees evidencing that the purchaser has completed and shown proficiency in a curriculum recognized

---

[1] Assuming summonses are served before the Court grants the instant motion, the FTC would not object to allowing Defendants the full twenty days to answer the Second Amended Complaint instead of the ten days contemplated by Federal Rule of Civil Procedure 15(a).

as necessary to earn the academic degree, and that the diplomas are issued by established colleges or universities. Accordingly, the Second Amended Complaint charges that by providing academic degrees and associated verification and backup materials, Defendants are providing the means and instrumentalities for the commission of the deceptive acts and practices outlined above.

Accepting the allegations in the Second Amended Complaint as true, the relief sought by the FTC (including enjoining Defendants from engaging in violations of the FTC Act and awarding appropriate equitable monetary relief such as disgorgement of ill-gotten gains or restitution) can be imposed. Courts have long held that providing the means and instrumentalities to commit deceptive acts or practices is itself a deceptive act or practice in violation of Section 5 of the FTC Act, 15 U.S.C. § 45. See FTC v. Winsted Hosiery Co., 258 U.S. 483, 494 (1922) ("a person is a wrongdoer who so furnishes another with the means of consummating a fraud has long been a part of the law of unfair competition"); Regina Corp. v FTC, 322 F. 2d 765, 768 (3d Cir. 1963); Waltham Watch Co. v. FTC, 318 F. 2d 28 (7th Cir. 1963); Globe Cardboard Novelty Co. v. FTC, 192 F.2d 444 (3d Cir. 1951); Jaffe v. FTC, 139 F.2d 112 (7th Cir. 1943); International Art Co. v. FTC, 109 F.2d 393 (7th Cir. 1940); FTC v. Five-Star Auto Club, Inc., 97 F. Supp. 2d 502 (S.D.N.Y. 2000); United States v. Trans Continental Affiliates, 1997 U.S. Dist. LEXIS 388 (N.D. Cal. Jan. 8, 1997); FTC v. American Standard Credit Systems, Inc., 874 F. Supp. 1080 (C.D. Cal. 1994); FTC v. Magui Publishers, Inc., 1991-1 Trade Cas. (CCH) ¶ 69,425 (C.D. Cal. Mar. 28, 1991), aff'd, 9 F.3d 1551 (9th Cir. 1993) (table); Matter of Litton Indus., Inc., 97 F.T.C. 1, 48 (1981), aff'd, 676 F.2d 364 (9th Cir. 1982).

Moreover, it is immaterial to a means and instrumentalities count whether the purchasers of Defendants' diplomas were themselves deceived. What is relevant is that the purchasers are using Defendants' bogus degrees to make misrepresentations to consumers and others, and that Defendants know of and encourage such use. See <u>Magui Publishers</u>, 1991-1 Trade Cas. ¶ 69,425 (art wholesaler violated the FTC Act by supplying retailers with reproductions of art that retailers sold to unsuspecting customers, even though retailers themselves were not deceived). Thus, the Second Amended Complaint is not a futile amendment.

Accordingly, for the reasons set forth herein, the FTC respectfully requests leave to file the attached Second Amended Complaint.

Dated: May 1, 2003

                          Respectfully submitted,

                          WILLIAM E. KOVACIC
                          General Counsel

                          _____/s/_____
                          GREGORY A. ASHE
                          JAMES REILLY DOLAN
                          VICTOR F. DeFRANCIS
                          Federal Trade Commission
                          600 Pennsylvania Avenue, NW
                          Washington, DC  20580
                          Telephone: (202) 326-3719
                          Facsimile:  (202) 326-2558

                          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 1, 2003, true and correct copies of **PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT** and **[proposed] ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT** were served on:

Dino J. Lombardi, Esq.
52 Duane Street, 5th Floor
New York, NY 10007
(via facsimile and U.S. mail)

Eric Rubin, Esq.
1155 Connecticut Avenue NW, 6th Floor
Washington, DC 20036
(via facsimile and U.S. mail)

Attorneys for defendants Jason Abraham and Caroline Shallon

Mountain View Systems, Ltd.
Wheelie International Limited
Hyacinth SRL
Charles Fogel
89 Rechov Mea Shearim
Jerusalem, Israel
(via facsimile and Federal Express)

Aladdin Travel, Inc.
c/o Donald Morrison
1308 Claymore Drive
Garner, NC 27529
(via U.S. mail)

Executed this 1st day of May, 2003.

_____/s/_____
Gregory A. Ashe
Attorney for Plaintiff